UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES SANDERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BRIAN MORIARTY, *et al.*,<br><br>　　　　Defendants. | Case No. 21-13016<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY
JUDGMENT [ECF NO. 18]**

### I.　Introduction

Plaintiff James Sanders, a prisoner proceeding pro se, sues Michigan Department of Corrections (MDOC) employees Brian Moriarty, Jason Baron, and Jodi DeAngelo under 42 U.S.C. § 1983, alleging violations of his rights under the First and Fourteenth Amendments.  ECF No. 1.  The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 15.  Defendants move to dismiss, or in the alternative for summary judgment on the basis of exhaustion.  ECF No. 18.  The Court recommends that defendants' motion be granted.

## II. Background

James Sanders, who resided at Woodland Center Correctional Facility (WCC), alleges that Defendants Brian Moriarty, the food service director; Jason Baron, the food service supervisor; and Jodi DeAngelo, warden at WCC, were responsible for ensuring that he received his Ramadan morning meals on time. ECF No. 1, PageID.3-4. Sanders alleges that his "Ramadan fast was broken three days within the month of May, 2021 because he didn't receive a Ramadan meal that is suppose to be prepared a certain way." *Id.*, PageID.4. He claims that by "forcing [him] to break his fast without any Ramadan statewide meal [defendants] violated a sincere Muslim belief to practice Ramadan." *Id.* Sanders sues defendants "individually and separately in his/her capacities" and alleges that each defendant "acted under the color of state law." *Id.*, PageID.3-4.

Defendants argue that they were not personally involved, and that Sanders failed to exhaust his administrative remedies in his only Step III grievance. ECF No. 18.

## III. Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such

complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

Defendants argue that Sanders failed to state that defendants were personally involved in the alleged denial of meals. ECF No. 18, PageID.70. The Court agrees. To state a cognizable claim under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action).

Sanders alleges that defendants—WCC warden, food service director, and food service supervisor—"were responsible to oversee" that he receive his morning meals and "legally responsible for the operation of the food service." ECF No. 1, PageID.3-4. And he alleges that Warden DeAngelo "failed to correct the foor [sic] service director and supervisor in the course of performing her supervisory responsibilities." *Id.*, PageID.5. Sanders claims that "[s]upervisors who learn of a constitutional violation may be held liable for failing to correct it" and that "wardens and food service director have a duty to conduct at least a 'minimal investigation' when confronted with [a constitutional violation]." *Id.*

Sanders does not describe each defendant's role but broadly alleges that they were responsible for food service. Such blanket allegations against defendants generally, without stating with particularity what each defendant did to violate the asserted constitutional right, is not enough. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011). Interpreted liberally, the complaint alleges that defendants were responsible for overseeing morning meals at WCC. But Sanders does not allege that defendants were personally aware that he missed morning meals, nor does he allege that they were personally involved. Thus, Sanders fails to allege defendants' personal involvement.

Sanders also alleges that defendants failed to adequately supervise their subordinates. ECF No. 1, PageID.3-5. But that claim would fail because "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *See Iqbal*, 556 U.S. at 676; *see also George v. Whitmer*, No. 20-cv-12579, 2021 WL 2349319, at *6 (E.D. Mich. Apr. 13, 2021), *adopted in part at* 2021 WL1976314 (E.D. Mich. May 18, 2021). To hold a supervisor liable, a plaintiff must prove that the official "encouraged the specific incident of misconduct or in some other way directly participated in it" or

"that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (cleaned up). Sanders makes no such allegations here.

If Sanders means to assert that defendants were personally involved because they handled his grievance complaints, this argument fails too. In his response, Sanders cites his Step I grievance to show that Defendants Jason Baron, the Step I respondent, and Brian Moriarty, the Step I reviewer, were aware of the late meals. ECF No. 20, PageID.106; *see* ECF No. 1, PageID.11. But a defendant's participation in the grievance process does not show his personal involvement in a constitutional violation. *Shehee*, 199 F.3d at 300; *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2003). Thus, Sanders does not adequately allege defendants' personal involvement.

## C.

Defendants also argue that Sanders failed to exhaust his administrative remedies because he did not name them in his only Step III grievance. ECF No. 18, PageID.70. The Court agrees.

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a

lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (internal quotation marks omitted). Summary judgment based on failure to

exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

MDOC Policy Directive (PD) 03.02.130 (effective March 18, 2019) has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 18-2. The policies require that prisoners name those involved; grievances do not exhaust claims against defendants who were not named in them. *See* PD 03.02.130 at ¶ S, ECF No. 18-2, PageID.88; *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (noting that proper exhaustion under the MDOC's policies requires the plaintiff to "specify the names of each person from whom he seeks relief.").

Defendants submit a certified grievance report showing that Sanders filed one grievance that proceeded through all three steps. ECF No. 18-3, PageID.94-96. That grievance states that Sanders requested to speak with "Lt. Peterson or Sgt." about his late Ramadan meal, but Peterson "refused to do so." *Id.*, PageID.100. The grievance did not name the defendants here—Moriarty, Baron, or DeAngelo—so Sanders did not exhaust the claims against them and they are entitled to summary judgment in their favor.

9

### IV. Conclusion

The Court **RECOMMENDS** that defendants' motion to dismiss, or in the alternative for summary judgment (ECF No. 18), be **GRANTED**. If defendants' motion is resolved only on exhaustion grounds, the dismissal should be without prejudice. *Adams*, 166 F. App'x at 204.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: January 6, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 6, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager